## FANO *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of San Juan.

No. 23.—Decided May 27, 1909.

CONTRACTS OF AGENCY—RESTRICTIVE INTREPRETATION.—Contracts of agency, in accordance with the natural law of equity and our Civil Code, must be interpreted in a restricted sense.

AGENCY—LOAN OF MONEY—CONSTITUTION OF MORTGAGE.—A clause in a contract of agency authorizing the agent "to receive as a loan the sum of $500, and to this end to secure it by mortgage, and conferring upon him the powers necessary to appear before a notary to execute the mortgage deed, with the causes and conditions which he may deem proper, stipulating time, interest and other particulars, defraying the expenses of documentation and record, and, in fact, doing everything necessary to carry out the mandate conferred on him," does not imply an authorization to secure by mortgage $200 for costs and attorney's fees in case of litigation.

CURABLE DEFECTS—SPECIAL POWER OF ATTORNEY—NONPRESENTATION THEREOF.— When the clause conferring special power is transcribed in an instrument, the notary must state that the clause transcribed is the only clause of the power of attorney, or that such clause was not amended, nor explained by, nor connected with, any other clause of the document, and should he fail to do so, the nonpresentation of the power of attorney at the registry constitutes a curable defect.

The facts are stated in the opinion.

*Mr. José G. Torres* for appellant.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a decision of the Acting Registrar of Property of San Juan denying a certain record and holding that the document contains a curable defect.

On November 18, 1908, José Antonio Taulet y Rabassa, through his attorney in fact, José G. Cazuela y Geigel, as one party, and Hortensia Mercedes, Eduardo Luis, Guillermo, Matilde and Emilio Armstrong y Fano, through Vicente Fano y Merzuarch, the guardian of the first three and the attorney in fact of the last two, as the other party, appeared in San Juan before Notary José G. Torres, and executed a mortgage deed.

On December 3, 1908, a copy of said deed was presented to the registrar, and on April 19, 1909, the acting registrar entered the following decision:

"The foregoing deed is recorded as to the mortgage of $500 principal and interest at folio 19 of volume five of the section of southern Santurce of this city, estate number 164, second record; and the record is denied as to the mortgage for $200 for costs, expenses and attorney's fees, for the reason that the attorney in fact, José G. Casuela does not have the power to constitute it, according to the clause of the power of attorney inserted, and in lieu thereof a cautionary notice is entered effective for the legal period in the same second record, in which it is set forth as a curable defect that such power—that is to say, the power of attorney conferred on Cazuela—has not been presented, and also that the age of the minors and the residence of the witnesses are not stated."

The document was withdrawn on April 24, 1909, and was presented to this Supreme Court on May 13, 1909, for the purposes of the provisions of sections three and five of the act to provide for appeals from the decisions of registrars of property, of March 1, 1902. The first question to be decided is whether José G. Casuela did or did not have power to constitute the mortgage for $200 for costs, expenses and attorney's fees, the record of which is denied.

The mortgage deed of November 18, 1908, to which we have made reference contains the following:

"First. Casuela y Geigel appears as the attorney in fact of José Antonio Taulet y Rabassa, a resident of San Juan, unmarried, a landowner and 22 years of age, according to the power of attorney conferred upon him before me under date of the 11th instant, which contains the following clause: 'That he gives and confers a special power of attorney upon José G. Casuela y Geigel, a resident of San Juan, of age, married, a business agent, in order that in representation of his person, property, rights and actions, he receive as a loan the sum of $500, and to this end secure it by a mortgage on an estate consisting of a lot and hut in the *barrio* of Santurce of this municipality, which he had acquired by purchase from Conrado Rivera by deed executed before Julio Cesar Gonzales, a notary of this city, under

No. 377, on September 17 last; and that he confers upon him the powers necessary to appear before a notary to execute the mortgage deed with the clauses and conditions which he may consider proper, stipulating time, interest and other particulars defraying the expenses of documentation and record, and, in fact, doing everything necessary to carry out this mandate conferred on him.''

The contract between Taulet and Casuela was a contract of agency which, in accordance with the natural law, must be interpreted in a restricted sense.

"An agency, philosophically considered, is an extension of the personality." "The material factor of agency is the representation shown, because the agent does not contract by himself nor for himself, but he contracts by and for the principal." "The interpretation of an agency must always be restrictive in order to avoid the conversion of that which the principal authorized for his benefit and advantage to his prejudice." (11 Manresa, Commentaries to the Civil Code, 413, 415 and 454.)

In accordance with the provisions of the Civil Code, section 1616, ''an agent cannot exceed the scope of his authority,'' and, section 1515 provides ''in order to compromise, alienate, mortgage or to execute any other act of strict ownership, an express commission is required.''

In commenting on article 140 of the Mortgage Law, Galindo says (Comentarios á la Ley Hipotecaria, 4, 258), ''That if the agent be authorized to receive a loan under the conditions and security prescribed by the lender, it is necessary, furthermore, that it be clearly stated that the power is granted to mortgage the property of the principal.''

If we examine the clause of the power of attorney of Taulet to Casuela transcribed in the mortgage deed, according to the opinions and the principles and precepts of law enunciated, we would reach the conclusion that as it sets forth that the agent is authorized to ''receive as a loan the sum of $500, and to this end to secure it by mortgage,'' it is not sufficient to state thereafter that there are conferred on said agent ''the

powers necesasry to appear before a notary to execute the mortgage deed with the clauses and conditions which he may consider proper, stipulating time, interest and other particulars; defraying the expenses of documentation and record, and, in fact, doing everything necessary to carry out this mandate conferred on him,'' in order to hold that the agent was authorized to secure by mortgage not the sum of $500 but that of $700. The fact that the additional $200 was for costs, expenses and attorney's fees in case of litigation, is not sufficient, because the authority to constitute a mortgage must be expressly granted and the only authority .which appears to have been expressly granted in this case is that of securing by mortgage the sum of $500 received as a loan.

Perhaps this matter in itself is of no importance, perhaps it would have been more advantageous for both parties that no question had been raised whatsoever, but having been raised it must be decided in accordance with the principles of law which apply just as much to questions in which the interest at issue is small, as to those in which the interest is large.

The other question to be decided in this appeal is whether the registrar was correct or not in classifying as a curable defect the fact that the power of attorney executed by Taulet in favor of Casuela was not presented.

The appellant urges that ''such presentation is not necessary, as a special power of attorney is involved, the material clause of which, containing all the powers of the agent is copied in full.''

It is true that the clause was copied in full, but it is also a fact that in transcribing it the notary did not state that the clause transcribed was the only clause of the power of attorney or that such clause was not amended nor explained by nor connected with any other clause of the document. And, therefore, the registrar is classifying as a curable defect the nonpresentation of the entire document in question, acted with proper judgment and was guided by the principles of the

mortgage law—that is to say, constantly to make contracts clear and more secure and to endeavor to have the registry give a full and exact history of each of the deeds therein recorded.

For these reasons, we are of the opinion that the decision of the Acting Registrar of Property of San Juan rendered in this case, should be affirmed, without taxing the costs against the appellant.

*Affirmed.*

Chief Justice Hernández and Justices Figueras, MacLeary and Wolf concurred.